854

Harold E. FERGER, William J. Norton, Patrick F. Norton and Columbus P. Brittain, Appellants,

v.

LOCAL 483 OF the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, AFL–CIO.

No. 15393.

United States Court of Appeals Third Circuit.

Argued Dec. 14, 1965.

Decided Jan. 21, 1966.

Certiorari Denied April 18, 1966.

See 86 S.Ct. 1346.

John J. Bracken, Newark, N. J., (Bracken & Walsh, Newark, N. J., on the brief), for plaintiffs-appellants, D. F. Moore Craig, Newark, N. J., of counsel and on the brief.

Thomas L. Parsonnet, Newark, N. J., (Parsonnet & Parsonnet, Newark, N. J., on the brief), for defendant-appellee.

Before McLAUGHLIN, HASTIE and SMITH, Circuit Judges.

PER CURIAM.

The problem before us in this appeal commenced when the four plaintiffs, then and now members of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL–CIO, endeavored to transfer from their original local to the appellee which is the local for the area where plaintiffs now reside and work. Though this was in accord with the International constitution, the transfers were deliberately blocked by appellee. Plaintiffs sued Local 483 under the Labor Management Act asking for relief both under the latter and under the International constitution. The right to transfer was the true issue and plaintiffs prevailed in the district court. The Local appealed to this court. The district court was affirmed in a per curiam opinion which, in affirming the judgment said: " * * * for the reasons so well stated by Judge Meaney in his opinion of May 7, 1964." 342 F.2d 430 (1965). The district court, 238 F.Supp. 1016 in that opinion had noted that according to Tomko v. Hilbert, 288 F.2d 625, 630 (3 Cir. 1961), the decision in Hughes v. Local No. 11, etc., 287 F.2d 810 (3 Cir. 1961) " * * * held that an action did lie under the LMRDA against a *union* for its refusal to accept a transfer of membership from another local of the same international." The district court opinion then commented "The contentions of the defend-

ant represent an attempt to avoid, in the present action, the rules of law set forth in the Hughes case and others to be cited." In that original district court action, the union defense had been that plaintiffs had not tendered their membership books to Local 483 as allegedly called for by the International constitution. The trial court held that the plaintiffs had complied with the provision. The court, however, concluded as to specifically granting membership to plaintiffs that " * * * an order so framed may be improper under the Hughes opinion." The court therefore in its order merely allowed plaintiffs the rights named with particularity in the Labor Management Act, Section 101(a) (1) i. e. " * * * the right to nominate candidates, to vote in elections or referendums of defendant, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations as prescribed in the constitution and by-laws applicable to the defendant herein; * * *." After affirmance of the judgment plaintiffs tendered their books to the Local in order to obtain membership therein. Their offer was refused. It was then that appellants instituted the present proceeding asking the district court to hold the Local in contempt for defiance of the court's order. The judge took the position that under Hughes it would be improper to deny appellants the privileges attached to membership above detailed but that the formal transfer to membership could not be ordered. The judge said with reference to this: "It is an anomalous situation but nevertheless that seems to be the legal position that the courts have taken." And referring to the above quoted per curiam opinion of this court affirming his opinion in the suit on the merits in this litigation, he stated: "And since the Circuit Court saw fit to go no further than that this motion must be denied." Attempt was made to obtain a rehearing out of time on the original appeal but that was denied by this court.

All of the above forced plaintiffs to go forward with the instant appeal in the hope that this court would recognize the tragic position in which they have been placed by our said per curiam. The Hughes dicta above referred to had been discussed in plaintiffs' first appellate brief and by this court at that initial oral argument but in the light of the above mentioned per curiam the trial judge in this proceeding refused to permit the stated thoughts of this court during the oral argument of the first appeal to be presented to him.

The appellee indicated at oral argument of this appeal that it would not voluntarily budge from its position despite the admittedly remedial purpose of the Landrum-Griffin Act. Though the sought for union membership is effectively spelled out in Section 101, because formal membership in the desired local is not specifically there stated, these appellants are condemned to the unbearable status of being legally deprived of their named International constitutional right to be accepted as members by appellee. Because of the present status of the key problem involved, it is impossible to consider it on its merits in this action. We therefore suggest if plaintiffs should see fit to do so that they file in the district court a petition for clarification of the construction of Section 101(a) (1) of the Act in this circuit as it pertains to plaintiffs' predicament. Said petition inter alia to contain a full outline of what has happened to date in plaintiffs' efforts to obtain said transfers. The objective of course would be to eventually have this court directly pass upon the merits of the precise question and so resolve the present confused, uncertain situation regarding it. At this time we express no opinion whatsoever on the merits of the controversy.

The order of the district court of March 30, 1965 will be affirmed without costs to either party as against the other.

HASTIE, Circuit Judge (concurring).

I agree that the district court's order be affirmed and also agree that the

plight of the appellants is lamentable. However, to me the jurisdictional basis of such a new petition as the per curiam opinion of this court suggests seems so doubtful that I do not join in encouraging that procedure.

Judge Smith concurs in Judge Hastie's concurring opinion.